DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-appellant, Wesley Johnson, appeals from his conviction by the Athens County Court of Common Pleas for one count of possession of crack cocaine, a felony of the third degree. For the following reasons, we affirm.
 {¶ 2} On May 4, 2006, Detective J. Heater with the Athens County Sheriff's Office submitted an affidavit in support of a search warrant for the residence of Brian Wheaton, 45 E. Fourth St. Apt. 18, The Plains, Ohio, 45780. Detective Heater averred that he had good cause to believe that evidence of drug trafficking or possession, particularly of crack cocaine, would be discovered in the apartment. He set forth the following facts as the basis for his belief.
 {¶ 3} The Athens County Sheriff's Office received complaints of drug trafficking at Wheaton's apartment and began to investigate the complaints on April 18, 2006. *Page 2 
Detective Heater used a confidential informant ("CI") to make a $50 purchase of crack cocaine from the apartment. Later, the CI made two additional $50 purchases of crack cocaine from the apartment, the last on May 4, 2006. During the last purchase, the CI observed a "large amount of crack cocaine inside the apartment." Specifically, the CI "saw 10-15 individual bags containing golf ball size crack cocaine on the table in the kitchen in Apt. 18." The CI identified two black males inside the apartment; one of the males was known as "Wes." Heater had information that Wes transported large amounts of cocaine into the apartment complex and was known to carry a weapon, usually a 9mm handgun. Also, Heater received information that several individuals who frequented Wheaton's apartment were known to carry handguns.
 {¶ 4} Based entirely on Detective Heater's affidavit, a judge issued a search warrant for Wheaton's apartment on May 4, 2006. The Athens County Sheriff's Office executed the warrant that day while Johnson was present. Police seized several items from the apartment, including two handguns and several baggies of crack cocaine. They seized $535.00 in cash and 7.2 grams of crack cocaine from Johnson's person.
 {¶ 5} The Athens County Grand Jury indicted Johnson on one count of possession of cocaine in violation of R.C. 2925.11(A), a felony of the second degree. Johnson initially pled not guilty. He filed a motion to suppress the evidence seized during the search of Wheaton's apartment. The State of Ohio did not file a written response to this motion. Following a hearing, the trial court overruled Johnson's motion to suppress. Johnson then pled no contest to an amended charge of possession of crack cocaine in violation of R.C. 2925.11(A), a felony of the third degree. The trial court found Johnson guilty and sentenced him to two years in prison. *Page 3 
 {¶ 6} Johnson timely appeals his conviction and assigns one error for our review:
 The trial court erred in denying Appellant Wesley Johnson's Motion to Suppress, thereby violating Appellant Wesley Johnson's rights under the 4th Amendment to the United States Constitution and/or Art. I, Sec. 14 of the Ohio Constitution.
 {¶ 7} Johnson's assignment of error raises the following two issues: (1) whether the affidavit submitted in support of the search warrant provides the issuing judge with a substantial basis for concluding that probable cause existed; and (2) if not, whether the evidence that law enforcement obtained when they executed the warrant is still admissible under the "good faith exception" to the exclusionary rule.
 {¶ 8} The Fourth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Article I, Section 14 of the Ohio Constitution contains a nearly identical provision.
 {¶ 9} "A neutral and detached magistrate may issue a search warrant only upon the finding of probable cause." State v. Gilbert, Scioto App. No. 06CA3055, 2007-Ohio-2717, ¶ 13, citing United States v. Leon (1984),468 U.S. 897, 914-915; Crim. R. 41(C). An affidavit in support of a search warrant must "particularly describe the place to be searched, name or describe the property to be searched for and seized, state substantially the offense in relation thereto, and state the factual basis for the affiant's belief that such property is there located." Crim. R. 41(C).
 {¶ 10} When evaluating an affidavit for the sufficiency of probable cause, the *Page 4 
issuing magistrate must apply a "totality-of-the-circumstances" test.State v. George (1989), 45 Ohio St.3d 325, paragraph one of the syllabus, citing Illinois v. Gates (1983), 462 U.S. 213, 238-239. The magistrate must "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the `veracity' and `basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Id., quotingGates at 238-239.
 {¶ 11} In George, the Supreme Court of Ohio set forth the standard of review for a determination of probable cause based on an affidavit submitted to support a search warrant. Neither the trial court nor an appellate court should substitute its judgment for that of the magistrate. Id. at paragraph two of the syllabus, citing Gates. Rather, the reviewing court should simply "ensure that the magistrate had a substantial basis for concluding that probable cause existed." Id. The reviewing court "should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant." Id.
 {¶ 12} Here, Johnson contends that the affidavit in support of the search warrant does not satisfy the probable cause requirement. Initially, he argues that the information on the April 18, 2006 crack cocaine purchase cannot support a probable cause determination because it was stale. The purchase occurred 16 days before the warrant application. "The more `stale' the evidence becomes, the less likely it is to support probable cause." State v. Ridgeway, Washington App. No. 00CA19, 2001-Ohio-2655, quoting Lewis R. Katz, Ohio Arrest, Search and Seizure 77, Probable Cause-Staleness of Information (2001 ed.). However, "[s]taleness cannot be expressed in terms of a precise *Page 5 
amount of time." Id. "[A]n affidavit which establishes a pattern of conduct or indicates an ongoing investigation can justify the granting of a search warrant based on old information." Id., quoting State v.McKenzie (Sept. 18, 1998), Erie App. No. E-97-040, 1998 WL 636784, at *5.
 {¶ 13} Here, Detective Heater averred that his office began a "drug investigation" of the apartment on April 18, 2006. After the CI's initial purchase on that date, the CI completed two more crack cocaine purchases at the same apartment. One purchase occurred on the date of the warrant application, May 4, 2006. Although Johnson correctly points out that the affidavit provides no date for the third purchase, the purchase clearly occurred sometime between the April 18 and May 4 purchases. Given that the same CI made three crack cocaine purchases from the same location during a 16-day time span, we find that the affidavit establishes a pattern of conduct and indicates an ongoing drug investigation that included the April 18 purchase. Therefore, the information regarding that purchase was not stale.
 {¶ 14} Johnson further contends that Detective Heater failed to establish the reliability of the CI or his other sources. Specifically, Johnson argues that Heater should have provided information about the CI's track record or more detailed information about the crack cocaine purchases. Also, Heater failed to attribute certain information, such as the general "complaints of drug trafficking" and "information that Wes transports large amounts of cocaine" into the apartment complex, to any reliable source.
 {¶ 15} In applying the Gates test, the official issuing the warrant must still consider the veracity and basis of knowledge of informants who supply the underlying information for the affidavit. State v.Goddard (Oct. 2, 1998), Washington App. No. 97CA23, *Page 6 1998 WL 716662, at *4, citing Gates and George. "However, an affidavit lacking in these areas is not automatically insufficient to procure the issuance of a search warrant." Id., citing Gates at 230. These areas should instead be viewed as "closely intertwined issues that may usefully illuminate the commonsense, practical question whether there is `probable cause' to believe that contraband or evidence is located in a particular place." Id., citing Gates at 230. Therefore, a deficiency in one area may be overcome by "other indicia of reliability." Id., citingGates at 233. An example of such indicia is an "explicit and detailed description of alleged wrongdoing." Id.
 {¶ 16} Detective Heater's affidavit establishes that the CI's first-hand observations formed the basis of the CI's knowledge. The CI personally made three, $50 crack cocaine purchases from the apartment on three separate dates. We acknowledge that the affidavit should have been more factually specific regarding the CI's veracity. However, Heater stated that he "used" the CI to make a purchase of crack cocaine, indicating that the CI worked under Heater's direction. Further, the affidavit includes other indicia of reliability through its detail of the alleged wrongdoing. The CI "observed a large amount of crack cocaine inside the apartment" during the May 4, 2006 purchase. Specifically, the CI "saw 10-15 individual bags containing golf ball size crack cocaine on the table in the kitchen in Apt. 18." The CI also provided identifying information on the occupants of the apartment at the time of the third purchase — two black males, one known as "Wes."
 {¶ 17} Given all the circumstances set forth in the affidavit, we conclude that the issuing judge had a substantial basis for concluding that probable caused existed to issue the warrant. If this case could somehow be characterized as doubtful or marginal, *Page 7 
which it is not, the deference we must accord to the judge's determination of probable cause would compel us to find that the warrant was valid. See George at paragraph two of the syllabus.
 {¶ 18} Even if we were to find that the issuing judge did not have a substantial basis for concluding that probable cause existed based on Detective Heater's affidavit, we would still uphold this search based on the good faith exception to the exclusionary rule. Pursuant to the exclusionary rule, "all evidence obtained by searches and seizures in violation of the [United States] Constitution is, by that same authority, inadmissible in a state court." State v. Wilmoth (1986),22 Ohio St.3d 251, 255, quoting Mapp v. Ohio (1961), 367 U.S. 643, 655. Under the good faith exception to the exclusionary rule, a court may not suppress evidence obtained by officers "acting in objectively reasonable, good faith reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be invalid." Id. at paragraph one of the syllabus, citing Leon, supra.
 {¶ 19} However, suppression does remain appropriate where (1) the affiant's knowing or reckless falsity misled the issuing magistrate, (2) the issuing magistrate "wholly abandoned his judicial role," (3) the officer relied on a warrant based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," or (4) the magistrate issued a warrant so facially deficient that the executing officers could not "reasonably presume it to be valid." George at 331, quoting Leon at 923 (citations omitted).
 {¶ 20} Johnson argues that Detective Heater submitted a "bare bones" affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. Specifically, Johnson argues that Detective Heater merely stated the *Page 8 
suspicions, beliefs, or conclusions of a confidential informant without providing the underlying factual circumstances. However, Heater's affidavit relayed the results of an investigation that spanned over two weeks, in which he used a CI to make crack cocaine purchases from the same apartment on three separate occasions. Given this level of factual detail in the affidavit, law enforcement could rely in good faith on the validity of the search warrant. Accordingly, we find that this search falls within the good faith exception to the exclusionary rule and should be upheld even if the warrant lacked probable cause. {¶ 21} For the foregoing reasons, we overrule Johnson's sole assignment of error, and we affirm the judgment of the Athens County Court of Common Pleas.
 JUDGMENT AFFIRMED. *Page 9 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Abele, P.J. Kline, J.: Concur in Judgment and Opinion. *Page 1