[Cite as *State v. Ralston*, 2011-Ohio-3552.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 10CA6 |
| | : | |
| vs. | : | **Released: July 7, 2011** |
| | : | |
| JOHN D. RALSTON, | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| Defendant-Appellant. | : | |

APPEARANCES:

James T. Boulger, Chillicothe, Ohio, for Appellant.

James B. Grandey, Highland County Prosecutor, and David M. Henry, Highland County Assistant Prosecutor, Hillsboro, Ohio, for Appellee.

McFarland, J.:

{¶1} Appellant John D. Ralston appeals his conviction in the Highland County Court of Common Pleas where the trial court found him guilty of trafficking in drugs, a felony of the fifth degree in violation of R.C. 2925.03(A)(2), and possession of drugs, a felony of the fifth degree in violation of R.C. 2925.11(A). On appeal, Appellant raises a single assignment of error, arguing the trial court erred in finding that the allegations contained in the affidavit in support of the search warrant established probable cause. Having reviewed the affidavit,

we find no error regarding the trial court's holding and overrule Appellant's assignment of error.  As such, we affirm the judgment of the trial court.

FACTS

{¶2} Detective Sergeant Richard Warner, Jr. ("Det. Warner") of the Highland County Sheriff's Office attached an affidavit to a request for a search warrant that sought permission to search the residences at 208 East Main Street and 209 East Main Street in Leesburg, Ohio.  Det. Warner averred, in relevant part:

{¶3} "On October 1, 2009, the US 23 Pipeline Major Crimes Taskforce based out of the Ross County Sheriff's Office received information from a source known to be reliable.  The source gave information that [Appellant] has been involved in marijuana cultivation and trafficking.  The source advised that [Appellant] has a stash house across the street from his address of 208 East Main Street, Leesburg, OH 45135.  Inside of his residence in the upstairs was reported to be a large amount of marijuana that had just recently been harvested and was being dried.  The source was advised by another party that this was taking place and the person showed the source a bud from the marijuana taken from the stash house.

* * *

{¶4} "The Leesburg Police Department within the past two weeks received information that [Appellant] between 2:00 a.m. and 4:00 a.m., has traffic in and out of 209 East Main Street.

{¶5} "On May 8, 2009, the Leesburg Police Department executed a search warrant at 208 East Main Street, Leesburg, this being the residence of [Appellant]. Upon conducting a search, several items were seized as evidence, including cash, six black tar heroin capsuels, six white heroin capsuels, and several other types of pills (all controlled substances). * * * [S]everal items related to the cultivation of marijuana were discovered including grow lights, exhaust fans (two), four heat mats, an automatic watering system, digital timers, and a hydroponics table."

{¶6} Det. Warner also averred that Appellant had two drug-related arrests, one of which resulted in a conviction for trafficking in marijuana. Furthermore, based upon Det. Warner's fifteen years of law enforcement experience and training in narcotics investigation, it is common for those engaged in illegal narcotics activity to hide narcotics in a secondary location or "stash house." Det. Warner had corroborated that Appellant resided at the 208 residence and was in the process of purchasing the 209 residence.

{¶7} Based upon the affidavit, a judge issued the search warrant and a search of the two residences yielded contraband. Appellant moved to suppress this evidence, arguing that the affidavit did not provide a substantial basis for finding probable cause. The trial court denied Appellant's motion, and Appellant then pled no contest to the charges against him. The trial court convicted Appellant of trafficking in drugs and possession of drugs, which he now appeals.

ASSIGNMENT OF ERROR

I.     "THE TRIAL COURT ERRED IN FINDING THAT THE ALLEGATIONS
       CONTAINED IN THE AFFIDAVIT IN SUPPORT OF THE SEARCH
       WARRANT ESTABLISHED A FAIR PROBAILITY THAT EVIDENCE
       OF A CRIME WOULD BE LOCATED AT THE SUBJECT PROPERTY."

{¶8} The Fourth Amendment to the United States Constitution, as applied to

the states through the Fourteenth Amendment, provides that "[t]he right of the

people to be secure in their persons, houses, papers, and effects, against

unreasonable searches and seizures, shall not be violated, and no Warrants shall

issue, but upon probable cause, supported by Oath or affirmation, and particularly

describing the place to be searched, and the persons or things to be seized."  Article

I, Section 14 of the Ohio Constitution contains a nearly identical provision.

{¶9} "'A neutral and detached magistrate may issue a search warrant only

upon the finding of probable cause.'"  *State v. Westbrook*, 4th Dist. No.

09CA3277, 2010-Ohio-2692, at ¶18, quoting *State v. Gilbert,* 4th Dist. No.

06CA3055, 2007-Ohio-2717, at ¶ 13, citing *United States v. Leon* (1984), 468 U.S.

897, 914-915, 104 S.Ct. 3405, 82 L.Ed.2d 677 and Crim.R. 41(C).  A warrant shall

issue "only on an affidavit or affidavits sworn to before a judge of a court of record

* * * establishing the grounds for issuing the warrant."  Crim.R. 41(C).[1]

{¶10} Generally, "'[a]ppellate review of a motion to suppress presents a

mixed question of law and fact.  When considering a motion to suppress, the trial

---

[1] We apply the prior version of Crim.R. 41 that was in effect when the magistrate issued the search warrant.

court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses.'" *State v. Roberts,* 110 Ohio St.3d 71, 2006-Ohio-3665, 850 N.E.2d 1168, at ¶100, quoting *State v. Burnside,* 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, at ¶8, citing *State v. Mills* (1992), 62 Ohio St.3d 357, 366, 582 N.E.2d 972. "Accordingly, we defer to the trial court's findings of fact if they are supported by competent, credible evidence." *State v. Westbrook*, 4th Dist. No. 09CA3277, 2010-Ohio-2692, at ¶16, citing *State v. Landrum* (2000), 137 Ohio App.3d 718, 722, 739 N.E.2d 1159. "Accepting those facts as true, we must independently determine whether the trial court reached the correct legal conclusion in analyzing the facts of the case." *Westbrook* at ¶16, citing *Roberts* at ¶100, citing *Burnside* at ¶8.

{¶11} When considering the issuance of a search warrant, "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates* (1983), 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527. Considering the totality of the circumstances, "so long as the magistrate had a 'substantial basis for ... conclud[ing]' that a search would uncover evidence of wrongdoing, the Fourth Amendment requires no more." *Gates* at 236,

quoting *Jones v. United States* (1960)*,* 362 U.S. 257, 271, 80 S.Ct. 725, 4 L.Ed.2d 697.  Accordingly, "the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for ... conclud[ing]' that probable cause existed."  *Gates*, at 238-239, quoting *Jones* at 271.  "Neither the trial court nor an appellate court should substitute its judgment for that of the magistrate." *Westbrook* at ¶20, citing *State v. George* (1989), 45 Ohio St.3d 325, 544 N.E.2d 640, at paragraph two of the syllabus (following *Gates*).  "The reviewing court 'should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant.'"  Id.  "[T]his standard of review is more deferential than that review we engage in other contexts involving a motion to suppress."  *State v. Goddard* (Oct. 2, 1998), 4th Dist. No. 97CA23, at fn.2, citing *State v. Klein* (1991), 73 Ohio App.3d 486, 488, 597 N.E.2d 1141.

{¶12} "To make a valid finding of probable cause, a magistrate must be informed of: (1) the basis of the informant's knowledge; and (2) sufficient facts to establish either the informant's veracity or the reliability of the informant's information.  *State v. Walker*, 4th Dist. No. 08CA3030, 2009-Ohio-1903, at ¶36, citing *Aguilar v. Texas* (1964), 378 U.S. 108, 114, 84 S.Ct. 1509, 12 L.Ed.2d 723. See, also, Crim.R. 41(C).  "'However, an affidavit lacking in these areas is not automatically insufficient to procure the issuance of a search warrant.'" *Westbrook*

at ¶24, quoting *Goddard*. "These areas should instead be viewed as 'closely intertwined issues that may usefully illuminate the commonsense, practical question whether there is "probable cause" to believe that contraband or evidence is located in a particular place.'" Id. "Therefore, a deficiency in one area may be overcome by 'other indicia of reliability.'" Id.

{¶13} One such indicium of reliability is an "explicit and detailed description of alleged wrongdoing." *Goddard*. A tip that describes the accused's criminal activity in sufficient detail permits the magistrate to know that he is "relying on something more substantial than a casual rumor circulating in the underworld or an accusation based merely upon an individual's general reputation." *Goddard*.

{¶14} Another indicium of reliability is corroboration of the anonymous informant's tip. "Corroboration lends credence to the remaining unverified portion of the informant's story by demonstrating that the informant has, to the extent tested, spoken truthfully." *Goddard*, citing LaFave, Search and Seizure (1996) 157, Section 3.3(e). "Furthermore, *Gates* explicitly reject[ed] the position that corroboration of innocent activity is not sufficient, noting that seemingly innocent activity can become suspicious in light of a prior tip." Id.

{¶15} Appellant's argument that Det. Warner did not directly receive the information from the informant is not problematic. First, Crim.R. 41(C) explicitly

permits the use of hearsay. Multiple layers of hearsay do not complicate the matter either. "The fact that an affiant's knowledge may be the result of double or multiple levels of hearsay does not, per se, invalidate the resulting search warrant." (Internal citations omitted). *State v. Richardson*, 4th Dist. No. 08CA3022, 2009-Ohio-923, at ¶10, quoting *State v. Prater*, 2d Dist. No. CA2001-12-114, 2002-Ohio-4487, at ¶7. Second, "a law enforcement officer may rely upon information supplied to him by a fellow officer in an affidavit to obtain a search warrant." *State v. Dunham*, 4th Dist. No. 04CA2931, 2005-Ohio-3642, at ¶24. Thus, the fact that Det. Warner received his information from another officer, not the informant himself, does not necessarily inure to Appellant's benefit.

{¶16} Regarding the alleged deficiencies with the affidavit, Appellant focuses on the fact that the informant did not have firsthand knowledge of the illegal activity allegedly occurring, and the source of the relevant information was an unknown third party. This is true however after outlining the criminal activity the informant believed was occurring, the affidavit provided that "[t]he [informant] was advised by another party that this was taking place." Essentially, the source of any information relating to alleged wrongdoing was the unknown third party.

{¶17} As Appellant correctly notes, there are no facts in the affidavit upon which the magistrate could have found a substantial basis for believing that there was a factual basis for the information the third party furnished to the informant.

Nothing in the affidavit reveals how the third party came to know that Appellant was trafficking in or cultivating marijuana. The affidavit did not contain an "explicit and detailed description of the alleged wrongdoing" so the magistrate could distinguish the third party's claim from idle rumor. It was not stated that the third party had personally obtained from the stash house the marijuana he displayed to the informant. It was not stated that the third party had ever been inside of the stash house and observed any wrongdoing, giving him firsthand knowledge.

{¶18} Additionally, this deficiency was balanced by law enforcement officers corroborating much the third party's statements, and, as noted, corroboration is an indicium of reliability. Officers independently established that Appellant resided at 208 East Main Street and had entered into a land contract to purchase 209 East Main Street – the alleged stash house. Det. Warner's fifteen years of experience and narcotics investigation training provided the insight that it is common for those engaged in narcotics activity to hide either narcotics or money in a secondary location. Det. Warner also knew that Appellant had been convicted of marijuana trafficking in the past, and arrested on a drug-related charge on another occasion. Just five months before requesting the search warrant, officers had recovered numerous items related to marijuana cultivation from Appellant's residence. Finally, within the two weeks preceding the affidavit, law enforcement

had received information that there was traffic in and out of the 209 residence between 2:00 a.m. and 4:00 a.m.

{¶19} Though law enforcement only corroborated innocent facts, this does not negate their cumulative effect and contribution to the determination of probable cause, especially in light of the third party's allegations. Specifically, knowledge of a prior arrest and conviction relating to drug trafficking is a "'practical consideration of everyday life' upon which an officer or magistrate may properly rely in assessing the reliability of an informant's tip." *State v. Underwood*, 4th Dist. No. 03CA2930, 2005-Ohio-2309, at ¶43.

{¶20} Here, the magistrate had substantial facts from which he could find that there was a fair probability that evidence of a crime would be found at Appellant's residences. Appellant was a convicted drug trafficker and only five months prior to the affidavit, officers had recovered marijuana cultivation equipment from Appellant's residence. In Det. Warner's experience and training, persons engaged in illegal activity often kept drugs or money in a secondary location; this made the allegation that Appellant was secreting the marijuana in a house across the street from his residence more plausible. Appellant was indeed in the process of purchasing the 209 residence, from which there was traffic in the early morning hours. This activity becomes both noteworthy and suspicious when considering Appellant's history, the recent recovery of cultivation items from the

208 residence, and the tendency of those involved in drug trafficking to establish a stash house.

{¶21} The suspicion surrounding Appellant and the 209 residence then increases in light of the third party's tip that Appellant was storing cultivated marijuana in the 209 residence. Considering all of these facts together, there was a substantial basis for the magistrate to believe that the affidavit established probable cause to search Appellant's residences.

{¶22} Therefore, having considered the affidavit and the totality of the circumstances therein, and "keeping in mind the preference to be accorded to warrants in doubtful or marginal cases," we find there was a substantial basis for the magistrate's finding that probable cause existed to issue the search warrant. *Underwood* at ¶44.

{¶23} Assuming arguendo we were to find that the issuing judge did not have a substantial basis for concluding that probable cause existed based on Det. Warner's affidavit, we would still uphold the search based on the good faith exception to the exclusionary rule. Pursuant to the exclusionary rule, "all evidence obtained by searches and seizures in violation of the [United States] Constitution is, by that same authority, inadmissible in a state court." *State v. Wilmoth* (1986), 22 Ohio St.3d 251, 255, 490 N.E.2d 1236, quoting *Mapp v. Ohio* (1961), 367 U.S. 643, 655, 81 S.Ct. 1684, 6 L.Ed.2d 1081. "[T]he objective of the exclusionary rule

[is] to deter willful, or at the very least negligent, police conduct which deprive[s] a defendant of some right." *Wilmoth* at 265. However, "the rule [is] useless when the police act in good faith." Id., referencing *United States v. Leon* (1984), 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677. "In the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination or his judgment that the form of the warrant is technically sufficient. '[O]nce the warrant issues, there is literally nothing more the policeman can do in seeking to comply with the law.' Penalizing the officer for the magistrate's error, rather than his own, cannot logically contribute to the deterrence of Fourth Amendment violations." (Citation omitted) *Leon* at 921.

{¶24} Under the good faith exception to the exclusionary rule, a court may not suppress evidence obtained by officers "acting in objectively reasonable, good faith reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be invalid." *Wilmoth* at paragraph one of the syllabus, citing *Leon* at 923. However, suppression remains appropriate where the officer relied on a warrant based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." (Citations omitted.) *State v. George* (1989), 45 Ohio St.3d 325, 331, 544 N.E.2d 640, quoting *Leon* at 923. See, also, *State v. Johnson*, 4th Dist. No. 08CA6, 2008-Ohio-5907, at ¶18-19.

{¶25} In this case, the affidavit was not so devoid of indicia of probable cause so as to render Det. Warner's belief in such unreasonable. An affidavit that contains conclusory statements and nothing more specific is merely "bare bones" and insufficient to support to a magistrate's finding of probable cause. See *Gates* at 239.

{¶26} We have already outlined the facts Det. Warner included in the affidavit that formed the factual bases for his belief that there was marijuana in the stash house. The affidavit was not merely conclusory and it was not "bare bones." It was not so deficient as to render official belief in probable cause unreasonable. Accordingly, because Det. Warner and his brethren relied upon the search warrant in good faith, the good faith exception would apply. Thus, even if we had found the affidavit and subsequent search warrant to be invalid, we would still affirm the trial court's denial of Appellant's motion to suppress.

{¶27} Accordingly, we find that the trial court was correct in denying Appellant's motion to suppress and we overrule Appellant's sole assignment of error.

**JUDGMENT AFFIRMED**.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Harsha, P.J. and Abele, J.: Concur in Judgment Only.

For the Court,

BY: _____
Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**